UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JODY SELBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01944-JPH-MPB |
| ) | |
| DAVID KILEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,
SCREENING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Jody Selby, an inmate of the Indiana Department of Correction ("IDOC") at the Correctional Industrial Facility, brings this action pursuant to 42 U.S.C. § 1983 asserting that the defendants have violated his civil rights. In this Order, Mr. Selby's motion to proceed *in forma pauperis* is granted. In addition, because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Motion to Proceed *in Forma Pauperis***

Mr. Selby's motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED**. Although the plaintiff is excused from *pre*-paying the full filing fee, he still must pay the three hundred and fifty dollar ($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("the prisoner shall be required to pay the full amount of a filing fee.").

The assessment of even an initial partial filing fee is waived because the plaintiff has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time.

1

## II. Screening of the Complaint

A. *Screening Standard*

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

B. *Discussion*

Mr. Selby sues the following defendants: Judge David Kiley, Prosecutor Nicholas Herman, Prosecutor Andrew Tuley, Sheriff Dave Wedding, Correctional Officer Borgduff, Public Defender Barry Blackard, and Vanderburgh County.

Mr. Selby alleges that on August 22, 2019, when he was a pre-trial detainee at the Vanderburgh County Jail, Correctional Officer Borgduff used excessive force against him by slamming his face into the floor while other officers kicked and punched him. He further alleges that he wrote to Prosecutor Nicholas Hermann, Prosecutor Andrew Tuely, Judge David Kiley, and Public Defender Blackard asking them to investigate his allegations of excessive force, but they

did nothing. He then filed for an injunction and a pre-trial writ of habeas corpus, but Judge Kiley denied both. He seeks monetary damages.

Based on the screening standard set forth above, Mr. Selby's excessive force claim against Correctional Officer Borgduff **shall proceed** as a claim that Officer Borgduff violated his Fourteenth Amendment rights.

All other claims are **dismissed** for failure to state a claim upon which relief can be granted. First, Mr. Selby's claims that he wrote to defendants Hermann, Tuely, Kiley, and Blackard after the assault and they did not intervene must be **dismissed**. *See Stingley v. Chisholm*, 805 Fed. App'x 436, 437 (7th Cir. 2020) (prosecutor is absolutely immune for any claim based on a failure to prosecute); *Dickens v. Illinois*, 753 Fed. App'x 390, 392 (7th Cir. 2018) (no constitutional right to compel police or others to investigate); *Stewart v. City of Chicago*, 513 Fed. App'x. 619, 620 (7th Cir. 2013) (public defender is not a state actor and therefore cannot be sued under § 1983).

In addition, any claim based on Judge Kiley's denial of Mr. Selby's requested injunction and writ of habeas corpus must be **dismissed** because Judge Kiley enjoys absolute immunity for actions taken in the course of his judicial duties. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

Next, claims against Sheriff Dave Wedding must be **dismissed** because "[i]ndividual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Because Mr. Selby has not alleged that Sheriff Wedding participated in the acts at issue in his complaint, he has failed to state a claim against him.

Finally, any claim against Vanderburgh County must be **dismissed.** "[M]unicipal governments [including counties] cannot be held liable for damages under 42 U.S.C. § 1983 on a

theory of *respondeat superior* for constitutional violations committed by their employees. They can, however, be held liable for unconstitutional municipal policies or customs." *Simpson v. Brown County*, 860 F.3d 1001, 1005-6 (7th Cir. 2017) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978)). Because Mr. Selby has failed to assert that the alleged violations of his rights were the result of a policy or practice on the part of Vanderburgh County, he has failed to state a claim against this entity.

### III. Conclusion and Service of Process

In summary, Mr. Selby's motion to proceed *in forma pauperis*, dkt. [2], is **granted**. Mr. Selby's excessive force claim **shall proceed** against defendant Officer Borgduff. All other claims are **dismissed**. The **clerk shall terminate** David Kiley, Nicholas Hermann, Andrew Tuley, Dave Wedding, Barry Blackerd, and County of Vanderburgh as defendants.

This summary of claims includes all of the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through August 31, 2020,** in which to identify those claims.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendant in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 7/31/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JODY SELBY
903869
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Officer Borgduff
Vanderburgh County Sheriff's Office
3500 N Harlan Ave
Evansville, IN 47711